Argued and submitted January 16, reversed and remanded December 9, 2009

Bryan KERR
and Kerwin Kerr,
*Plaintiffs-Respondents,*

*v.*

Donald R. BAUER,
Trustee of the Kerr Homestead Trust,
*Defendant-Appellant,*

*and*

J. M. KERR,
Trustee of the Kerr Homestead Trust,
*Defendant-Respondent.*

Donald R. BAUER,
*Counterclaim Plaintiff-Appellant,*

*v.*

Bryan KERR
and Kerwin Kerr,
*Counterclaim Defendants-Respondents.*

Donald R. BAUER,
*Cross-claim Plaintiff-Appellant,*

*v.*

J. M. KERR
and Kerwin D. Kerr, Sr.,
*Cross-claim Defendants-Respondents.*

Yamhill County Circuit Court
CV030231; A134855

222 P3d 1117

Thomas C. Tankersley argued the cause and filed the briefs for appellant. With him on the briefs was Drabkin, Tankersley & Wright, LLC.

Joseph A. Yazbeck argued the cause for respondents. With him on the joint briefs were Yazbeck, Cloran & Hanson, LLC, and Thomas H. Anderson and Thomas H. Anderson, P.C.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

This is a dispute among family members about land. The trial court granted plaintiffs' motion for partial summary judgment, quieting title in the trustees of a 1956 deed and severing some interests created in that deed because the interests violated the rule against perpetuities. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. ORCP 47 C. We agree with the parties that the deed violated the rule against perpetuities but conclude that severing interests created in the deed does not give effect to the donor's intent as required under our case law. Accordingly, we reverse and remand.

For clarity, we begin with the relationships among the people involved in this case; because so many of them share the same last names, we refer to them by their first names or other appropriate identifier. The land at issue was once owned by Sylva Kerr. Sylva had eight children, including Marjorie Kerr Bauer (Marjorie); Kerwin D. Kerr, Senior (Senior); and J. M. Kerr (J. M.). The parties to this action include three of Sylva's grandchildren: plaintiff Bryan Kerr, who is J. M.'s son; plaintiff Kerwin Kerr II (Junior), who is Senior's son; and defendant Donald Bauer, who is Marjorie's son. J. M. is also a defendant.

We understand the following pertinent facts to be undisputed. The property at issue, according to Bryan, "was the homestead of my grandparents, the childhood home of their children, a 40-acre retreat in the Coast Range, and through several generations has been a special and unique place of rest and recreation for their descendents." Donald similarly refers to annual family reunions held on the property for 35 years, as well as other family recreational activities.

In 1956, Sylva executed a warranty deed (Deed #1[1]) transferring the property to her sons Senior and J. M., in trust. Deed #1 identifies Sylva as the "widow of Henry Allen Kerr, deceased," and provides, in part:

---

[1] We follow the parties' numbering convention when referring to the deeds.

"This grant is made for the purpose of creating a place of rest, recreation and recuperation for each and all of the children, grandchildren and descendants of Sylva Leona Kerr and Henry Allen Kerr, including the grantees specifically named herein, to hold in trust as herein designated, grantees to pay all taxes and care for the property."

After Sylva executed Deed #1, attorneys told J. M. and Marjorie that it violated the rule against perpetuities. In 1968, Senior and J. M., as trustees, executed a deed (Deed #2) conveying the property back to Sylva. Deed #2 provides that the conveyance was made "for the reason that the trust created by [Deed #1] is invalid in that it violates the rule against perpetuities and in order that said grantee may reconvey said premises to the grantee's children, [Senior, J. M., and Marjorie], as tenants in common, for their use and benefit." Two days later, Sylva executed a bargain and sale deed (Deed #3) conveying the property to Senior, J. M., and Marjorie.

In 1989, Senior executed a bargain and sale deed (Deed #3.5) conveying his interest in the property to Marjorie and J. M. Later that year, Marjorie and J. M. executed a bargain and sale deed (Deed #4) that conveyed the property to the Kerr Homestead Trust. Marjorie and J. M. also executed a trust agreement for the Kerr Homestead Trust.

In 2003, plaintiffs, Bryan and Junior, sued defendants, Donald and J. M., as trustees of the Kerr Homestead Trust. Plaintiffs alleged that Senior and J. M., as trustees under Deed #1, lacked authority to execute Deed #2. Plaintiffs sought "an order canceling and declaring Deeds #2, #3, and #4 to be void and quieting title in [Senior and J. M.] as trustees under Deed #1." In response, J. M. requested, among other relief, "entry of a judgment as requested in the * * * complaint." On Donald's motion, Senior, as a cotrustee under Deed #1, was joined as a necessary party.

Donald denied that plaintiffs were entitled to the relief they sought, and he asserted affirmative defenses, counterclaims, and cross-claims. As one of his counterclaims and cross-claims, Donald requested that the court, pursuant to ORS 105.960, reform Deed #1 to create interests that would vest within 90 years of the creation of the trust; he suggested that the provisions of the Kerr Homestead Trust, with

certain modifications, would most closely approximate Sylva's manifested plans of distribution.[2]

After the parties filed various pleadings and motions, plaintiffs moved for a partial summary judgment "quieting title in the trustees pursuant to the 1956 deed (Deed #1) and ordering all subsequent deeds of the real property cancelled." In response, Donald argued, *inter alia*, that Deed #1 was void in its entirety because it violated the rule against perpetuities; in his view, in the alternative, only the interests of the children were valid. J. M. and Senior contended in response that the class of "descendents" could be stricken from Deed #1, leaving a trust that would not violate the rule against perpetuities and that doing so would be consistent with Sylva's intent. Similarly, plaintiffs argued that, under ORS 105.970(2), Deed #1 should be reformed to omit the class of "descendents."

In a letter opinion, the trial court explained that it would grant plaintiffs' motion for partial summary judgment. The court concluded that the interests of grandchildren and descendents under Deed #1 violated the rule against perpetuities but that those interests could be severed from the interests of the children, which the court determined to be the only interests that did not violate the rule. The court also concluded that the trustees under Deed #1 had no authority to reconvey the property to Sylva in Deed #2. Thus, the court decided, Deed #2 and all subsequent deeds were void as a matter of law.

---

[2] In the trial court, Donald misidentified the potentially applicable portion of the Uniform Statutory Rule Against Perpetuities, which was enacted long after Deed #1 was executed. Donald referenced ORS 105.960, providing that the court "shall reform" dispositions under specified circumstances—but that provision applies only to interests created on or after January 1, 1990. ORS 105.970(1) (providing that the Uniform Statutory Rule Against Perpetuities, except as extended by ORS 105.970(2), applies to interests created on or after January 1, 1990). The applicable portion of the rule is ORS 105.970(2), which grants a court authority to reform a disposition of a nonvested property interest that was created before January 1, 1990, and is, in a judicial proceeding commenced on or after that date, determined to violate the common-law rule against perpetuities. Under those circumstances, "a court upon the petition of an interested person *may reform* the disposition in the manner that most closely approximates the transferor's manifested plan of distribution and is within the limits of the rule against perpetuities applicable when the nonvested property interest or power of appointment was created." ORS 105.970(2) (emphasis added).

After entering an order on the motion for summary judgment, the trial court entered an order that resolved the only remaining issues in the case—a cross-claim and a counterclaim asserted by Donald seeking reformation of Deed #1. The court explicitly stated that, "in the exercise of its discretion," it declined to reform Deed #1 under ORS 105.970, as requested by Donald, because the court had "previously modified [Deed #1] upon plaintiffs' motion for partial summary judgment by applying the common law doctrine of severance and limiting the beneficiaries of the trust created by [Deed #1] to the children of Sylva and/or Henry Kerr." In accordance with those orders, the trial court entered a judgment that, among other things, cancelled all deeds subsequent to Deed #1 and limited the beneficiaries under Deed #1 to "the children of Sylva and/or Henry Kerr."

Donald appeals from that judgment, assigning error to the trial court's grant of summary judgment in favor of plaintiffs and dismissal of defendant's affirmative defenses, counterclaims, and cross-claims. Plaintiffs, J. M., and Senior (collectively, "respondents"), challenge the trial court's determination that Donald was "an interested person" who could, under ORS 105.970(2), seek to reform Deed #1.

All the parties agree that Deed #1 violated the rule against perpetuities, but they differ on the consequences. Among his arguments against the trial court's grant of summary judgment, Donald contends that Deed #1 is void in its entirety. Respondents' view is that the trial court was correct to sever the children's interests from the interests of the later generations and thus to preserve a class gift to the children.

The parties are correct that Deed #1 violated the rule against perpetuities. *Heilig v. Daniel et al*, 203 Or 123, 129-31, 275 P2d 854, 278 P2d 988 (1955) (construing a will that created a trust and rejecting a construction that the trust continued indefinitely for the benefit of the testator's daughter's heirs, which would violate the rule against perpetuities); *Closset et al. v. Burtchaell et al.*, 112 Or 585, 614, 230 P 554 (1924) (*Closset*) (noting that, for a private trust to be valid, "it is necessary that the beneficial interest should vest absolutely in some individual or individuals who may be

definitely ascertained within the limits allowed by law for the vesting of estates").

The central issue on appeal is whether valid portions of the trust can be severed from invalid provisions, as the trial court decided was proper. Where severing invalid provisions from the remainder of the trust would be contrary to the settlor's purpose or plan, severance is improper. *Restatement (Second) of Trusts* § 65 (1959) ("If a provision in the terms of the trust is illegal, the trust fails altogether if, but only if, the illegal provision cannot be separated from the other provisions without defeating the purpose of the settlor in creating the trust."); Helene S. Shapo, George Gleason Bogert, and George Taylor Bogert, 4 *The Law of Trusts and Trustees* § 213, 189-93 (3d ed 2007) (stating that, "if the court determines that the valid and the void portions are inextricably interwoven and that to separate them would seriously affect the settlor's plan for the disposition of the property, it may hold that the entire disposition is void").

*Closset* illustrates those principles. There, a trust created by a will provided that the trustees were to manage certain property for 25 years, with one-half of the income from the property to be used to maintain and improve the property and the other half to be paid in equal shares to the testator's widow and three children. At the end of 25 years, the trust property was to be distributed to the widow and children. If the widow died before the trust terminated, her share was to be divided among the children. If any of the children died before the trust terminated, their shares were to be distributed to their children or, if they had no children, to the testator's surviving children. 112 Or at 591-92. The court rejected the argument that the provisions for payments of income to the widow and children could be severed from the provisions for distribution of the trust property:

> "This contention is answered in the language of the court in *Tilden v. Green*, 130 N. Y. 29 (28 N. E. 88[0], 27 Am. St. Rep. 487, 14 L. R. A. 33), where it was said: 'The appellants invoke the aid of the principle that where several trusts are created by a will which are independent of each other, and each complete in itself, some of which are lawful and others unlawful, and which may be separated from each other, the illegal trusts may be cut off and the legal ones permitted to

stand. This rule is of frequent application in the construction of wills, but it can be applied only in aid and assistance of the manifest intent of the testator and never where it would lead to a result contrary to the purpose of the will or work injustice among the beneficiaries or defeat the testator's scheme for the disposal of his property. The rule as applied in all reported cases recognizes this limitation, that when some of the trusts in a will are legal and some illegal, if they are so connected together as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries, or some of them, then all the trusts must be construed together and all must be held illegal and must fall.'

"In the instant case there can be no separation of the trust created by the will whereby a part may be held valid and the rest invalid without doing violence to the intention of the testator. It is all one entire scheme and no part of the scheme intended by the testator can be carried out except through the trust itself."

*Closset*, 112 Or at 618-19.

Similarly here, Deed #1 created a trust for the benefit of "each and all of the children, grandchildren and descendents of Sylva Leona Kerr and Henry Allen Kerr." That wording indicates that Sylva intended to simultaneously benefit every beneficiary, with no preference for any beneficiary over another. *See id.* at 601 (determining the testator's intention from the words used in the will creating the trust at issue). Sylva did not create a series of interests arising in a specified order; instead, under the terms of Deed #1, every beneficiary who was alive at any given time would benefit from having a place for rest and recreation. *Cf. Dean et al v. First Nat'l Bank et al*, 217 Or 340, 373-77, 341 P2d 512 (1959) (where a testator violated the terms of a power of appointment—which prohibited any gift to a grandnephew—by appointing a great-grandnephew, with contingent appointment of the grandnephew, valid appointment of the great-grandnephew was separable from the invalid contingent appointment of the grandnephew). Deed #1 evidences Sylva's intent to benefit her children, grandchildren, and descendents by preserving the property as a place of rest and recreation for all of them

equally, with no end date and no provision for the final disposition of the property to any individual. To sever other interests, leaving only the interests of the children, is inconsistent with Sylva's purpose. Like the trust in *Closset*, Deed #1 is one entire scheme from which interests cannot be severed without defeating Sylva's manifest purpose to benefit "each and all" of the beneficiaries.

Because the trust created in Deed #1 violated the rule against perpetuities and invalid interests cannot be severed from valid interests under common-law principles, the trial court erred in granting plaintiffs' motion for summary judgment on that basis. Respondents offer no alternative grounds for affirmance.

Finally, respondents contend that Donald could not seek reformation of Deed #1 under ORS 105.970 because he was not an "interested person" after the trial court severed the interests of the grandchildren and descendants. We understand respondents' contention to rest entirely on the premise that the trial court correctly severed the interests of the grandchildren and descendants from the interests of the children under Deed #1. Our disposition of Donald's assignment of error obviates any need to address that contention.

Reversed and remanded.